IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NEIL B. STAFFORD,

       Plaintiff,                  Civil No. 04-3027-CO

       v.                            FINDINGS AND
                                      RECOMMENDATION

FRED BARBARO, et al.,

       Defendants.

COONEY, Magistrate Judge.

    By Order (#4) entered April 22, 2004, this action was dismissed sua sponte on the basis that it was frivolous. The Ninth Circuit Court of Appeals found that "there was no clear and unambiguous expression of consent by all of the parties to magistrate judge jurisdiction, and for that reason, the magistrate judge lacked authority to enter a final judgment in this case. See, Aldrich v. Brown, 130 F.3d 1364, 1365 (9th Cir. 1997)," and transferred the matter to this court for further proceedings.

1 - FINDINGS AND RECOMMENDATION

Therefore, the court's Order (#4) is hereby withdrawn and the following findings and recommendation are substituted therefore.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that he was "wrongly convicted of a non-crime and served close to eight years in the Department of Corrections plus a bogus year for a consecutive misdemeanor." Plaintiff names as defendants individuals that prosecuted or defended him or otherwise participated in the criminal proceedings leading to his convictions. Plaintiff seeks money damages.

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

In order to recover damages under 42 U.S.C. § 1983 for

2 - FINDINGS AND RECOMMENDATION

an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v Humphrey, 512 U.S. 477 (1994). In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

Plaintiff names as defendants in this action the district attorney that prosecuted plaintiff and plaintiff's defense attorneys. Plaintiff also names as defendants the police officer that investigated his crimes and arrested him, and two witnesses.

Prosecutors are absolutely immune from liability for their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Freeman v. Hittle, 708 F.2d 443 (9th Cir. 1983).

Other court personnel have absolute quasi-judicial immunity where their challenged activities are an "integral

part of the judicial process." Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert denied, 445 U.S. 962 (1980). Among those entitled to quasi-judicial immunity are court clerks, Sharma v. Stevas, 790 F.2d 1486 (9th Cir. 1986), police officers testifying in criminal actions, Brisco v. LaHue, 460 U.S. 325 (1983), and other witnesses in judicial proceedings. O'Conner v. State of Nevada, 686 F.2d 749 (9th Cir. 1982). Specifically, investigators are immune from liability for their testimony in criminal proceedings, Little v. City of Seattle, 863 F.2d 681 (9th Cir. 1988).

Attorneys appointed to represent defendants in criminal prosecutions do not act under the color of state law for purposes of liability under 42 U.S.C. § 1983. See, Polk County v. Dodson, 454 U.S. 312 (1981); Rivera v. Green, 775 F.2d 1381 (9th Cir. 1985); Cox v. Hellerstein, 685 F.2d 1098 (9th Cir. 1982).

I find that irrespective of how liberally plaintiff's complaint is construed, it fails to state a claim. Plaintiff has failed to establish the invalidity of his conviction which is a prerequisite for recovery under Heck, supra. In addition, all of the defendants named in the complaint presently before the court are either immune from liability or otherwise not subject to liability under 42 U.S.C. § 1983.

Based on the foregoing, I find that plaintiff's complaint should be dismissed on the grounds that it fails to state a claim and is frivolous. Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17 day of May, 2005.

John P. Cooney
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION